UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Donald Santos And United Steel Workers Of America, AFL-CIO-CLC, On Behalf Of Themselves And Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>Pechiney Plastic Packaging, Inc. (formerly doing business as American National Can Company, Pechiney, S.A. and Pechiney Plastic Packaging, Inc.); Pechiney Plastic Packaging, Inc. Group Benefit Plan for Retired Union Employees; and John Does 1 through 20,<br><br>Defendants. | Case No. C05-00149 CRB<br><br>**ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT** |

## ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

The parties entered into a proposed Settlement Agreement on March 20, 2006 and requested the Court to give its preliminary approval to that Settlement Agreement, to conditionally certify the Class, and to approve the form and method of providing notice of the proposed settlement to the Class described in the Settlement Agreement.

The Court has reviewed the Settlement Agreement and the referenced Exhibits, including the proposed forms of Class Notice, and finds and concludes as follows:

1.      The parties' proposed Settlement Agreement seeks conditional certification of the Class as described in the Settlement Agreement under Fed. R. Civ. P. 23(b)(2) for purposes of preliminary approval of the Settlement Agreement and notice of the proposed settlement to the Class, subject to final certification in the Final Judgment.

2.      The Court has reviewed the pleadings, and the parties' Joint Motion and Memorandum in Support of Joint Motion for Preliminary Approval of Settlement Agreement, and preliminarily finds on a conditional basis for purposes of sending notice to the Class of the proposed Settlement Agreement, and subject to final determination and approval, that all of the requirements of Rule 23(a) are sufficiently met with respect to the Class sought to be certified. In particular, the Court conditionally finds that:

   a.   A Class of approximately about 6,100 Retirees and Surviving Spouses living in several different states is so numerous that joinder of all members is impracticable; there are questions of fact and law common to the Class under the Labor Management Relations Act and the Employee Retirement Income Security Act; the claims of the named Plaintiffs for restoration of Health Care Benefits and damages resulting from the modification by Defendant of its health care benefit plan effective July 1, 2003 are typical of the claims of the Class; and, based on the Settlement Agreement achieved, the Class Representatives have and will fairly and adequately represent the interests of the Class.

   b.   The Court conditionally finds that Class certification is appropriate under Rule 23(b)(2). In particular, Defendants have acted on grounds that are generally applicable to all members of the Class when they modified their health care benefits effective July 1, 2003, thereby making injunctive or declaratory relief appropriate for the Class as a whole.

   c.   William T. Payne, 1007 Mt. Royal Boulevard, Pittsburgh, Pennsylvania 15223, and John Stember and Stephen M. Pincus, Stember Feinstein Krakoff, 1705 Allegheny Building, 429 Forbes Avenue, Pittsburgh, Pennsylvania 15219 are appointed as Class Counsel under Rule 23(g). The Court finds that counsel have substantial experience in handling class actions involving claims of the type asserted here; that counsel have a broad knowledge of the applicable law; that counsel have adequately identified and investigated the potential claims in

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-2-

ORDER OF PRELIMINARY APPROVAL OF
SETTLEMENT AGREEMENT;
CASE NO. C05-00149 CRB

1    this action; and that counsel have committed and will continue to commit adequate resources to
2    representing the Class.

3              d.    This Order in conditioned on the final findings and certification to be made
4    in the Final Judgment.

5         3.    The Court has considered the history of this case, the pleadings and the statements
6    by the parties. On a preliminary basis, the Court finds that the Settlement Agreement is fair,
7    reasonable, adequate and in the best interests of the Class. The Court will therefore direct that
8    notice of the Settlement Agreement be provided to the Class pursuant to Fed. R. Civ. P. 23(e)(B).

9         4.    The Court has reviewed the Notice of Preliminary Approval of Settlement
10   Agreement and Hearing to be Held to Approve the Proposed Settlement, which is attached to the
11   Settlement Agreement as Exhibit C, and the cover letter from Class Counsel to be sent with the
12   Notice, submitted herewith as Exhibit F, and finds that they comply with the requirements of Fed.
13   R. Civ. P. 23(d) and (e) and fairly present the terms of the Settlement Agreement and the Class
14   Members' rights and responsibilities in the settlement approval process.

15        5.    The parties propose that Defendants send the Notice to all identified Class
16   Members by first class mail. The Court finds that such notice is the best notice practicable under
17   the circumstances, and is reasonably calculated to effectuate actual notice of the settlement to the
18   Class.

19        6.    The parties have compiled the names and addresses of all known members of the
20   Class. The individual mailing of the Notice to those Class Members identified by the parties
21   provides due and sufficient notice of the proceedings, of the proposed settlement, and of the
22   settlement approval procedure, thus satisfying the requirements of Fed. R. Civ. P. 23 and the
23   requirements of due process.

24        Based upon the foregoing findings of fact and conclusions of law:

25        **IT IS HEREBY ORDERED** that, for purposes of settlement of the litigation under the
26   terms of the Settlement Agreement, the following Class of Retirees and Surviving Spouses is
27   conditionally certified:
     For purposes of the definition of the Class:

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-3-

ORDER OF PRELIMINARY APPROVAL OF
SETTLEMENT AGREEMENT;
CASE NO. C05-00149 CRB

      a)    "Retiree" means an individual who was employed by PPPI or its predecessors, who was represented by the USW at the time of his or her retirement, who retired with normal, early or disability retirement benefits from PPPI or its predecessors, and for whom PPPI has retained liability for his or her Health Care Benefits.

      b)    "Surviving Spouse" means a spouse of a Retiree who has died, and includes spouses of living Retirees who were Eligible Dependents as of the Effective Date who subsequently become a Surviving Spouse on the death of a Retiree. Surviving Spouse status is limited to persons who were the spouse of a Retiree both on the date of retirement of the Retiree and the date of death of the Retiree.

**IT IS FURTHER ORDERED** that the Settlement Agreement is preliminarily approved.

**IT IS FURTHER ORDERED** that all proceedings not related to the approval and implementation of the Settlement Agreement are stayed until further Order of the Court.

**IT IS FURTHER ORDERED** that the Notice of Preliminary Approval of Settlement Agreement and Hearing to be Held to Approve the Proposed Settlement and the cover letter from Class Counsel to accompany the Notice are approved by this Court and that the Notice and letter, together with a copy of the Settlement Agreement and any appropriate Exhibits, be mailed to each identified Class Member at his or her current last known address by Defendants on or before __April 28__, 2006.

**IT IS FURTHER ORDERED** that Counsel for Defendants will file an Affidavit of Mailing with this Court and serve copies of that Affidavit on all counsel prior to the date set for hearing on the Settlement Agreement.

**IT IS FURTHER ORDERED** that on __July__, __7__, 2006, at the hour of __10:00__ A.M., in the U.S. District Courthouse, Courtroom 8, 19th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, the Court will conduct a hearing to finally determine the fairness, reasonableness and adequacy of the terms and conditions of the settlement set forth in the Settlement Agreement and Exhibits thereto.

**IT IS FURTHER ORDERED** that any Class Member may appear personally or by counsel at the hearing and may object or express his or her view regarding the Settlement Agreement and present evidence, briefs, or other papers in support thereof. However, a Class

1  Member will not be heard, nor be entitled to contest the approval by this Court of the Settlement
2  Agreement, unless on or before __June 16_____, 2006, he or she files with the Clerk of
3  this Court written objections, together with all papers to be submitted to this Court at the
4  Settlement Hearing, and on or before that date serves all such objections and other papers on each
5  of the following:  (a) Class Counsel John Stember and Stephen M. Pincus, Stember Feinstein
6  Krakoff, 1705 Allegheny Building, 429 Forbes Avenue, Pittsburgh, Pennsylvania 15219; (b)
7  Defendant's Counsel Richard P. Steinken and Carla J. Rozycki, Jenner & Block LLP, One IBM
8  Plaza, 330 N. Wabash Ave., Chicago, Illinois 60611.  Any Class Member who does not file and
9  serve his or her objections in this manner will be deemed to have waived his or her objections and
10 will be forever precluded from making any objections to the fairness or adequacy of the proposed
11 Settlement Agreement.  Objections should bear the following heading: Santos, et al. v. Pechiney
12 Plastic Packaging, Inc., Case No. 05 00149, Objections to Proposed Settlement Agreement.

13       **IT IS FURTHER ORDERED** that the hearing may be continued or adjourned by order
14 of this Court, from time to time, and without further notice to the Class, except any Class Member
15 who has timely filed an objection.

16 Dated: April 10, 2006

_____
Hon. Charles R. Breyer,
United States District Judge

IT IS SO ORDERED
Judge Charles R. Breyer

18  11070\5001\490228.1

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-5-

ORDER OF PRELIMINARY APPROVAL OF
SETTLEMENT AGREEMENT;
CASE NO. C05-00149 CRB